UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>           Plaintiff,<br><br>   v.<br><br>TAYLOR MORRISON OF CALIFORNIA, LLC, ET AL.,<br><br>           Defendants. | Case No.: 5:12-CV-04204-EJD<br><br>**ORDER GRANTING TRAVELERS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>**[Re: Docket No. 58]** |

Presently before the court is Plaintiff Travelers Property Casualty Company of America's ("Travelers") Motion for Leave to File a Second Amended Complaint. See Dkt. No. 58. Defendants Taylor Morrison of California, LLC and Taylor Morrison Services, Inc. (collectively, "Taylor Morrison") oppose this motion. See Dkt. No. 63. The court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and hereby VACATES the hearing currently set for June 6, 2013. Having fully reviewed the parties' briefing, and for the foregoing reasons, the court GRANTS Travelers' Motion.

**I.    Background**

This case arises out of an insurance coverage dispute between the parties regarding the scope of Travelers' duty to defend Taylor Morrison in a state court construction defect action ("the

1

Case No.: 5:12-CV-04204-EJD
ORDER GRANTING TRAVELERS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Underlying Action"). See <u>Spyglass Hill Homeowners Ass'n v. Taylor Morrison of California, LLC, et al.</u>, Santa Clara Cnty. Super. Ct., No. 12-CV-225200. Spyglass Hill Homeowners Association filed the Underlying Action against Taylor Morrison, the developer of the Spyglass Hill condominium project, alleging a variety of construction defects in the project. Travelers' named insured, Park West Landscape, Inc. ("Park West"), performed landscaping and concrete/flatwork at the project. Taylor Morrison tendered its defense and indemnity of the Underlying Action to Travelers as an additional insured under Park West's insurance policies. Travelers accepted this tender of defense, subject to a reservation of rights. A dispute arose between Travelers and Taylor Morrison as to the extent of Travelers' duty to defend after the claims against Park West were settled. As a result of the dispute, Taylor Morrison rejected Travelers' appointed counsel and demanded that Travelers withdraw its reservation of rights or agree to retain independent counsel.

Travelers filed the instant insurance coverage action on August 9, 2012, raising claims of breach of contract and declaratory judgment. Dkt. No. 1. On November 1, 2012, Travelers amended the complaint as of right, adding a claim for equitable contribution and naming seven additional defendants—all insurance carriers that Travelers alleges are obligated to defend Taylor Morrison in the Underlying Action. This court issued a scheduling order on February 12, 2013, which provided a deadline of April 12, 2013 for any motion for leave to amend the pleadings. Dkt. No. 44. Having discovered that the construction project at issue was insured under a "wrap policy," Travelers now wishes to file a Second Amended Complaint adding an additional claim for declaratory relief that there is no coverage under the Travelers' policies issued to Park West and adding additional claims for unjust enrichment and equitable reimbursement as against Defendant Taylor Morrison only. Travelers filed the instant motion for leave to amend within the scheduling order's deadline.

**II.     Legal Standard**

Leave to amend is generally granted with liberality. Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires"); <u>Morongo Band of Mission Indians v.</u>

2

1   Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).  Leave need not be granted, however, where the
2   amendment of the complaint would cause the opposing party undue prejudice, is sought in bad
3   faith, constitutes an exercise in futility, or creates undue delay.  Foman v. Davis, 371 U.S. 178, 182
4   (1962); Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994).  Not all of the Rule 15
5   considerations are created equal; "it is the consideration of prejudice to the opposing party that
6   carries the greatest weight."  Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th
7   Cir. 2003).  "The party opposing the amendment bears the burden of showing prejudice."  In re
8   Fritz Cos. Sec. Litig., 282 F. Supp. 2d 1105, 1109 (N.D. Cal. Aug. 27. 2003) (citing DCD
9   Programs Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987)).

**III.     Discussion**

The court begins with an examination of prejudice because it is the critical factor in deciding a motion for leave to amend.  Taylor Morrison argues that a grant of leave to amend would result in undue prejudice because the proposed amendment fundamentally changes Travelers' position.  Until this point, Travelers has represented that there was a potential for coverage and a duty to defend.  In fact, Travelers seeks a declaration that it had a right to control Taylor Morrison's defense.  However, injecting the wrap policy into this suit would allow Travelers to argue that it never had a duty to defend—an argument that is in direct conflict with the declaration Travelers currently seeks.  Taylor Morrison argues that this expansion of Travelers' argument is unduly prejudicial because, in the event the exclusion applies, Travelers has "drawn Taylor Morrison into a completely irrelevant, unnecessary and expensive coverage action," by virtue of the fact that the argument over the right to control Taylor Morrison's defense would be moot.  Dkt. No. 63 at 7.  The court does not find this argument persuasive.  The proposed amendment concerns the same facts and circumstances as the existing claims in this case.  If Travelers had possessed the information regarding the wrap policy at the time of filing, it could have included the proposed amendment as an alternative basis for relief in the original complaint.  Such an inclusion would not have been unusual or prejudicial.  Though Travelers seeks to add this argument later in the litigation, Taylor Morrison will not be deprived of an opportunity to challenge

3
Case No.: 5:12-CV-04204-EJD
ORDER GRANTING TRAVELERS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

it: discovery does not close until September 2, 2013 and dispositive motions need not be filed until November 1, 2013. That Taylor Morrison chose to file a Motion for Partial Summary Judgment after learning of Travelers' plans to seek this amendment is of no moment—the dispositive motion deadline is more than five months away, allowing sufficient time to file any amended motion addressing the wrap policy that Taylor Morrison may find necessary. Under these circumstances, the court does not find any undue prejudice towards Taylor Morrison.

Next, Taylor Morrison argues that Travelers unduly delayed in asserting the wrap policy exclusion. Taylor Morrison argues that Travelers should have been aware of the wrap policy as early as April 13, 2012, when Taylor Morrison's counsel sent a letter to counsel retained by Travelers for Taylor Morrison's defense that included the statement that the retained counsel's "job—if accepted by Taylor Morrison—is to defend Taylor Morrison, not engage, utilize, or deplete its Wrap Policy." Dkt. No. 63-3 at 16. Travelers responds that Taylor Morrison's counsel specifically represented in April 2011 that no wrap policies applied and that Travelers relied on that representation until it affirmatively confirmed the existence of a wrap policy in March 2013. Taylor Morrison's argument at best raises a factual dispute as to the reasonableness of Travelers' reliance on Taylor Morrison's statement that no wrap policy existed in light of the allusion to a wrap policy in a subsequent letter. The court cannot resolve that issue based on the scant evidence presented. If anything, the dispute highlights the possibility that Travelers' delay was caused by Taylor Morrison's own misrepresentation. This possibility, along with the fact that Travelers has moved for leave to amend within the timeframe established by the court, weighs against a finding of undue delay.

Finally, Taylor Morrison argues that Travelers' amendment would be futile because Travelers is estopped from asserting the wrap exclusion, has waived its right to argue under the exclusion, and in any event cannot prevail because the exclusion does not apply. The court cannot resolve these fact-intensive arguments as a matter of law at this stage. Therefore, the court does not find that Travelers' proposed amendment would be an exercise in futility.

4

Case No.: 5:12-CV-04204-EJD
ORDER GRANTING TRAVELERS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

**IV. Order**

Based on the foregoing:

1. Travelers' Motion for Leave to File a Second Amended Complaint is GRANTED. Travelers shall file its Second Amended Complaint as a separate docket entry on PACER/ECF no later than June 14, 2013.
2. Travelers is advised that leave is granted only as to the proposed amendments identified in its Motion for Leave to File a Second Amended Complaint and in this Order. The addition of any claims or other allegations inconsistent with its Motion or this Order may result in such material being stricken.
3. Because Travelers' Second Amended Complaint will supersede the First Amended Complaint, Taylor Morrison's Motion for Partial Summary Judgment, Dkt. No. 53, is terminated without prejudice. Taylor Morrison may file an appropriate motion as to the Second Amended Complaint by no later than November 1, 2013.

**IT IS SO ORDERED**

Dated: May 30, 2013

_____
EDWARD J. DAVILA
United States District Judge