**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | ) ) | Case No.: 5:12-CV-04204-EJD |
| Plaintiff, | ) ) ) | **ORDER GRANTING TRAVELERS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** |
| v. | ) ) | |
| TAYLOR MORRISON OF CALIFORNIA, LLC, ET AL., | ) ) | **[Re: Docket No. 58]** |
| Defendants. | ) ) ) ) | |

Presently before the court is Plaintiff Travelers Property Casualty Company of America's ("Travelers") Motion for Leave to File a Second Amended Complaint.  See Dkt. No. 58. Defendants Taylor Morrison of California, LLC and Taylor Morrison Services, Inc. (collectively, "Taylor Morrison") oppose this motion.  See Dkt. No. 63.  The court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and hereby VACATES the hearing currently set for June 6, 2013.  Having fully reviewed the parties' briefing, and for the foregoing reasons, the court GRANTS Travelers' Motion.

## I.     Background

This case arises out of an insurance coverage dispute between the parties regarding the scope of Travelers' duty to defend Taylor Morrison in a state court construction defect action ("the

1   Underlying Action").  <u>See</u> <u>Spyglass Hill Homeowners Ass'n v. Taylor Morrison of California,</u>

2   <u>LLC, et al.</u>, Santa Clara Cnty. Super. Ct., No. 12-CV-225200.  Spyglass Hill Homeowners

3   Association filed the Underlying Action against Taylor Morrison, the developer of the Spyglass

4   Hill condominium project, alleging a variety of construction defects in the project.  Travelers'

5   named insured, Park West Landscape, Inc. ("Park West"), performed landscaping and

6   concrete/flatwork at the project.  Taylor Morrison tendered its defense and indemnity of the

7   Underlying Action to Travelers as an additional insured under Park West's insurance policies.

8   Travelers accepted this tender of defense, subject to a reservation of rights.  A dispute arose

9   between Travelers and Taylor Morrison as to the extent of Travelers' duty to defend after the

10  claims against Park West were settled.  As a result of the dispute, Taylor Morrison rejected

11  Travelers' appointed counsel and demanded that Travelers withdraw its reservation of rights or

12  agree to retain independent counsel.

13          Travelers filed the instant insurance coverage action on August 9, 2012, raising claims of

14  breach of contract and declaratory judgment.  Dkt. No. 1.  On November 1, 2012, Travelers

15  amended the complaint as of right, adding a claim for equitable contribution and naming seven

16  additional defendants—all insurance carriers that Travelers alleges are obligated to defend Taylor

17  Morrison in the Underlying Action.  This court issued a scheduling order on February 12, 2013,

18  which provided a deadline of April 12, 2013 for any motion for leave to amend the pleadings.  Dkt.

19  No. 44.  Having discovered that the construction project at issue was insured under a "wrap

20  policy," Travelers now wishes to file a Second Amended Complaint adding an additional claim for

21  declaratory relief that there is no coverage under the Travelers' policies issued to Park West and

22  adding additional claims for unjust enrichment and equitable reimbursement as against Defendant

23  Taylor Morrison only.  Travelers filed the instant motion for leave to amend within the scheduling

24  order's deadline.

25      **II.     Legal Standard**

26          Leave to amend is generally granted with liberality.  Fed. R. Civ. P. 15(a)(2) ("The court

27  should freely give leave when justice so requires"); <u>Morongo Band of Mission Indians v.</u>

28
                                                    2

1    <u>Rose</u>, 893 F.2d 1074, 1079 (9th Cir. 1990).  Leave need not be granted, however, where the

2    amendment of the complaint would cause the opposing party undue prejudice, is sought in bad

3    faith, constitutes an exercise in futility, or creates undue delay.  <u>Foman v. Davis</u>, 371 U.S. 178, 182

4    (1962); <u>Janicki Logging Co. v. Mateer</u>, 42 F.3d 561, 566 (9th Cir. 1994).  Not all of the Rule 15

5    considerations are created equal; "it is the consideration of prejudice to the opposing party that

6    carries the greatest weight." <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th

7    Cir. 2003).  "The party opposing the amendment bears the burden of showing prejudice." <u>In re</u>

8    <u>Fritz Cos. Sec. Litig.</u>, 282 F. Supp. 2d 1105, 1109 (N.D. Cal. Aug. 27, 2003) (citing <u>DCD</u>

9    <u>Programs Ltd. v. Leighton</u>, 833 F.2d 183, 187 (9th Cir. 1987)).

10   **III.    Discussion**

11          The court begins with an examination of prejudice because it is the critical factor in

12   deciding a motion for leave to amend.  Taylor Morrison argues that a grant of leave to amend

13   would result in undue prejudice because the proposed amendment fundamentally changes

14   Travelers' position.  Until this point, Travelers has represented that there was a potential for

15   coverage and a duty to defend.  In fact, Travelers seeks a declaration that it had a right to control

16   Taylor Morrison's defense.  However, injecting the wrap policy into this suit would allow

17   Travelers to argue that it never had a duty to defend—an argument that is in direct conflict with the

18   declaration Travelers currently seeks.   Taylor Morrison argues that this expansion of Travelers'

19   argument is unduly prejudicial because, in the event the exclusion applies, Travelers has "drawn

20   Taylor Morrison into a completely irrelevant, unnecessary and expensive coverage action," by

21   virtue of the fact that the argument over the right to control Taylor Morrison's defense would be

22   moot.  Dkt. No. 63 at 7.  The court does not find this argument persuasive.  The proposed

23   amendment concerns the same facts and circumstances as the existing claims in this case.  If

24   Travelers had possessed the information regarding the wrap policy at the time of filing, it could

25   have included the proposed amendment as an alternative basis for relief in the original complaint.

26   Such an inclusion would not have been unusual or prejudicial.  Though Travelers seeks to add this

27   argument later in the litigation, Taylor Morrison will not be deprived of an opportunity to challenge

28

Case No.: 5:12-CV-04204-EJD
ORDER GRANTING TRAVELERS' MOTION FOR LEAVE TO FILE A SECOND AMENDED
COMPLAINT

1    it: discovery does not close until September 2, 2013 and dispositive motions need not be filed until

2    November 1, 2013.  That Taylor Morrison chose to file a Motion for Partial Summary Judgment

3    after learning of Travelers' plans to seek this amendment is of no moment—the dispositive motion

4    deadline is more than five months away, allowing sufficient time to file any amended motion

5    addressing the wrap policy that Taylor Morrison may find necessary.  Under these circumstances,

6    the court does not find any undue prejudice towards Taylor Morrison.

7          Next, Taylor Morrison argues that Travelers unduly delayed in asserting the wrap policy

8    exclusion.  Taylor Morrison argues that Travelers should have been aware of the wrap policy as

9    early as April 13, 2012, when Taylor Morrison's counsel sent a letter to counsel retained by

10   Travelers for Taylor Morrison's defense that included the statement that the retained counsel's

11   "job—if accepted by Taylor Morrison—is to defend Taylor Morrison, not engage, utilize, or

12   deplete its Wrap Policy."  Dkt. No. 63-3 at 16.  Travelers responds that Taylor Morrison's counsel

13   specifically represented in April 2011 that no wrap policies applied and that Travelers relied on

14   that representation until it affirmatively confirmed the existence of a wrap policy in March 2013.

15   Taylor Morrison's argument at best raises a factual dispute as to the reasonableness of Travelers'

16   reliance on Taylor Morrison's statement that no wrap policy existed in light of the allusion to a

17   wrap policy in a subsequent letter.  The court cannot resolve that issue based on the scant evidence

18   presented.  If anything, the dispute highlights the possibility that Travelers' delay was caused by

19   Taylor Morrison's own misrepresentation.  This possibility, along with the fact that Travelers has

20   moved for leave to amend within the timeframe established by the court, weighs against a finding

21   of undue delay.

22         Finally, Taylor Morrison argues that Travelers' amendment would be futile because

23   Travelers is estopped from asserting the wrap exclusion, has waived its right to argue under the

24   exclusion, and in any event cannot prevail because the exclusion does not apply.  The court cannot

25   resolve these fact-intensive arguments as a matter of law at this stage.  Therefore, the court does

26   not find that Travelers' proposed amendment would be an exercise in futility.

27

28

Case No.: 5:12-CV-04204-EJD
ORDER GRANTING TRAVELERS' MOTION FOR LEAVE TO FILE A SECOND AMENDED
COMPLAINT

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

**IV.     Order**

Based on the foregoing:

      1.   Travelers' Motion for Leave to File a Second Amended Complaint is GRANTED. Travelers shall file its Second Amended Complaint as a separate docket entry on PACER/ECF no later than June 14, 2013.

      2.   Travelers is advised that leave is granted only as to the proposed amendments identified in its Motion for Leave to File a Second Amended Complaint and in this Order.  The addition of any claims or other allegations inconsistent with its Motion or this Order may result in such material being stricken.

      3.   Because Travelers' Second Amended Complaint will supersede the First Amended Complaint, Taylor Morrison's Motion for Partial Summary Judgment, Dkt. No. 53, is terminated without prejudice.  Taylor Morrison may file an appropriate motion as to the Second Amended Complaint by no later than November 1, 2013.

**IT IS SO ORDERED**

Dated: May 30, 2013

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:12-CV-04204-EJD
ORDER GRANTING TRAVELERS' MOTION FOR LEAVE TO FILE A SECOND AMENDED
COMPLAINT

5