NOT FOR CITATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Plaintiff,<br><br>v.<br><br>TAYLOR MORRISON OF CALIFORNIA, LLC, a California limited liability corporation, et al.,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTIONS | Case No. 5:12-cv-04204 EJD (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1**<br><br>[Re: Docket No. 96] |

This is an insurance action arising out of litigation over alleged defective work performed by Park West Landscape (Park West) at the Spyglass Hill condominium complex in San Jose, California. Plaintiff Travelers Property Casualty Company of America (Travelers) claims that it is entitled to contribution from defendant Arch Insurance Group (Arch) for the defense of Taylor Morrison.[1] Travelers alleges that Arch has a duty to defend Taylor Morrison as an additional

---

[1] This court uses the term "Taylor Morrison" to refer collectively to the various Taylor Morrison entities in question, i.e., Taylor Morrison of California, LLC, Taylor Woodrow Homes, Inc., and Taylor Morrison Services, Inc.

1  insured under a policy Arch issued to Park West.  Arch says that there is no coverage under that
2  policy because Park West completed its work well after that policy expired.
3       At issue in Discovery Dispute Joint Report (DDJR) No. 1 is whether Travelers should be
4  compelled to provide further responses to Arch's Requests for Admission (RFA) Nos. 8 and 10-12
5  and Interrogatory Nos. 14 and 23-25.  The matter is deemed suitable for determination without
6  oral argument.  Civ. L.R. 7-1(b).  Upon consideration of the parties' respective arguments, the
7  court denies Arch's request to compel discovery.

### A.  Park West's Work (RFA 8 and Interrogatory 14)

These requests seek the date Travelers contends Park West completed it work at the Spyglass Hill complex:

> RFA 8:             "Admit that Park West did not complete its work on the Project until sometime during the 2007 calendar year."
>
> Interrogatory 14:  "Please state the date that You contend Park West completed its work on the Project."

(DDJR No. 1, Exs. A and B).  In essence, Arch says that Travelers must have some basis for its claim that coverage exists under the Arch policy.  Travelers says that, as part of its investigation of Park West's and Taylor Morrison's tender of defense, it received and reviewed job file materials for Park West's work on the project.  Those files, says plaintiff, show when Park West started its work, but do not indicate when Park West completed its work.  As such, Travelers says that it cannot admit or deny the subject matter of RFA No. 8 and cannot provide a substantive response to Interrogatory No. 14.

On the record presented, this court has no basis to question Travelers' characterization of the contents of the job file materials.  Nor is there any indication (at least as of the time DDJR No. 1 was filed) that the requested information was available to Travelers through other sources.  Accordingly, Arch's request for an order compelling further responses to these requests is denied.  Nevertheless, Travelers is reminded of its continuing obligation to supplement its disclosures and discovery responses under Fed. R. Civ. P. 26(e).

**B. Wrap Policy (RFAs 10-12 and Interrogatories 23-25)**

In its Second Amended Complaint (SAC), Travelers alleges, on information and belief, the existence of a wrap policy (i.e., one that specifically provides coverage for a particular project) and says that its policy excludes coverage for property damage to projects insured under such policies. (Dkt. No. 66, SAC ¶¶ 20-22, 34). RFAs 10-12 and Interrogatories 23-25 essentially seek the basis for Travelers' belief that a "Wrap Policy" [2] exists:

> RFA 10: "Admit that Taylor Woodrow Homes, Inc. was insured under a Wrap Policy for the Project."
>
> RFA 11: "Admit that Taylor Morrison of California, LLC was insured under a Wrap Policy for the Project."
>
> RFA 12: "Admit that Taylor Morrison Services, Inc. was insured under a Wrap Policy for the Project."
>
> Interrogatory 23: "If your response to RFA No. 10 is anything other than an unqualified admission, please state all facts to support Your contention that Taylor Woodrow Homes, Inc. was not insured under a Wrap Policy for the Project."
>
> Interrogatory 24: "If your response to RFA No. 11 is anything other than an unqualified admission, please state all facts to support Your contention that Taylor Morrison of California, LLC was not insured under a Wrap Policy for the Project."
>
> Interrogatory 25: "If your response to RFA No. 12 is anything other than an unqualified admission, please state all facts to support Your contention that Taylor Morrison Services, Inc. was not insured under a Wrap Policy for the Project."

(DDJR No. 1, Exs. A and B). Travelers maintains that it has a reasonable belief that Taylor Morrison is insured under such a policy. But, as this court reads plaintiff's discovery responses and arguments on the instant DDJR, Travelers essentially says it has no evidence to support its wrap policy allegations. On that basis, the request for further discovery is denied because this

---

[2] Arch's discovery requests define the term "Wrap Policy" as "a consolidated insurance program provided by the prime contractor/project manager or owner specifically for the Project." (DDJR No. 1, Exs. A and B).

1 court cannot compel plaintiff to provide information Travelers says it does not have.

2     **SO ORDERED**.

3 Dated: February 28, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:12-cv-04204-EJD Notice has been electronically mailed to:

A. Eric Aguilera    eaguilera@aguileragroup.com, krickard@aguileragroup.com, travelers@aguileragroup.com

Alan Edward Swerdlow    aswerdlow@bjg.com, csandoval@bjg.com

Daniel Eli    deli@aguileragroup.com, amartin@aguileragroup.com, azanin@aguileragroup.com, jjaramillo@aguileragroup.com, karnal@aguileragroup.com

Gregory Jacob Newman    gnewman@selmanbreitman.com, bberger@selmanbreitman.com, dmontgomery@selmanbreitman.com, hyoon@selmanbreitman.com, mfine@selmanbreitman.com

Kimberly Rene Arnal    karnal@aguileragroup.com, amartin@aguileragroup.com, jjaramillo@aguileragroup.com

Matthew Stuart Harvey    mharvey@cresswell-law.com, dhartley@cresswell-law.com

Patrick Michael McGovern    pmcgovern@coxcastle.com

Ronald D. Echeguren    recheguren@cresswell-law.com, dhartley@cresswell-law.com, mharvey@cresswell-law.com